| | |
|---|---|
| HAVTECH, LLC<br>9505 Berger Road<br>Columbia, Maryland 21046 | *  IN THE |
| | *  CIRCUIT COURT |
| and | *  FOR |
| HAVTECH PARTS DIVISION, LLC<br>9505 Berger Road<br>Columbia, Maryland 21046 | *  HOWARD COUNTY<br>* |
| Plaintiffs, | *  CASE NO. C-13-CV-22-000062 |
| v. | * |
| AAON, INC.<br>2425 S. Yukon Avenue<br>Tulsa, Oklahoma 74107 | *<br>* |
| Serve On:<br>Luke A. Bomer, Registered Agent<br>6120 S. Yale Avenue, Suite 500<br>Tulsa, Oklahoma 74136 | *<br>*<br>* |
| and | * |
| AAON COIL PRODUCTS, INC.<br>203 Gum Springs Road<br>Longview, Texas 75602 | * |
| Serve On:<br>CT Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, Texas 75201 | *<br>* |
| and | * |
| AAON, INC.<br>2425 S. Yukon Avenue<br>Tulsa, Oklahoma 74107 | *<br>* |
| Serve On:<br>CT Corporation System<br>701 South Carson Street, Suite 200<br>Carson City, Nevada 89701 | *<br>*<br>* |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*



## COMPLAINT
## AND CLAIM FOR ATTORNEYS' FEES

Havtech, LLC and Havtech Parts Division, LLC, by undersigned counsel, sue AAON Inc. AAON Coil Products, Inc., and AAON Inc.' and as grounds therefor say:

### The Parties to the Action

1. Havtech, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Its principal place of business is in Howard County, Maryland.

2. Havtech Parts Division, LLC is a limited liability company organized and existing under the laws of the State of Maryland. Its principal place of business is in Howard County, Maryland.

3. Havtech, LLC and Havtech Parts Division, LLC (collectively "Havtech") are sister companies engaged in the business of selling heating, ventilation, and air conditioning ("HVAC") equipment and repair parts in the construction industry.

4. AAON, Inc. is a corporation organized and existing under the laws of the State of Oklahoma. Its principal place of business is in Tulsa, Oklahoma.

5. AAON Coil Products, Inc. is a corporation organized and existing under the laws of the State of Texas. Its principal place of business is in Longview, Texas.

6. AAON Inc.' is a corporation organized and existing under the laws of the State of Nevada. Its principal place of business is in Tulsa, Oklahoma.

7. AAON, Inc., AAON Coil Products, Inc., and AAON Inc.' (collectively the "AAON Defendants" and/or "AAON") are affiliated companies engaged in the business of manufacturing HVAC equipment under the tradename "AAON".

### Personal Jurisdiction

8. This court has personal jurisdiction over the AAON Defendants under Maryland's long arm statute. Md. Code, Courts & Judicial Proceedings Article, § 6-103. The AAON Defendants transact business in Maryland, contract to supply goods and manufactured products in Maryland, and caused tortious injury in Maryland. The AAON Defendants regularly do and solicit business in Maryland, engage in other persistent conduct in Maryland, and derive substantial revenue from goods and manufactured products used and consumed in Maryland. This action arises out of those activities.

### Venue

9. Venue is proper under MD Code, Courts and Judicial Proceedings, § 6-201. The AAON Defendants carry on regular business in Howard County. Venue is also proper under MD Code, Courts and Judicial Proceedings, § 6-203. The AAON Defendants do not have principal places of business in Maryland.

### Actionable Facts

10. Havtech LLC's primary business involves working with building owners, contractors, and engineers to select and configure heating, ventilation, and air-conditioning ("HVAC") equipment for commercial and industrial construction projects, which Havtech LLC then sells for use on the project - usually to the mechanical contractor. The equipment packages that Havtech LLC sells, which typically range in value from $100,000 to $5,000,000, often include rooftop units, outdoor air-handling units, indoor air handling units, chillers, condensing units, water-source heat pumps, and/or coils.

11. Havtech Parts Division LLC's primary business involves selling HVAC parts and individual items of HVAC equipment to contractors and owners in the construction industry.

12. The AAON Defendants manufacture HVAC equipment for use in commercial and industrial buildings. Their product line includes rooftop units, outdoor air-handling units, indoor air handling units, chillers, condensing units, water-source heat pumps, and coils ("AAON Equipment").

13. The AAON Defendants sell their products nationwide through independent businesses that are appointed as sales representatives for assigned geographic territories.

14. Havtech LLC has been an AAON sales representative for more than twenty-five years. Havtech Parts Division LLC has been an AAON sales representative for more than twenty years. Their sales territory includes the entire State of Maryland (except the two westernmost counties), the District of Columbia, and several counties in Northern Virginia.

15. Early on, when both businesses were much smaller than they are today, Havtech's sales volume for AAON equipment was only a few hundred thousand dollars a year. Over the years, both businesses and their business relationship grew successfully. Today, Havtech's sales volume for AAON equipment is approximately $30,000,000 a year.

16. Initially, the relationship between Havtech and AAON was simply an oral handshake agreement between principals of the two businesses. Later on, the parties prepared writings that formally documented aspects of the agreement such as the specific areas that were Havtech's sales territory, prices and terms of sale for AAON's products, and the commissions that would be paid. At some point along the way, AAON issued a written policy manual that purported to define the terms of its agreement with all of its sales representatives. AAON has revised the policy manual several times over the years.

17. Year-after-year, Havtech's performance met and exceeded AAON's expectations. And year-after-year, Havtech received sales awards and other accolades from AAON.

18. On January 14, 2022, AAON's Chief Executive Officer, Gary Fields, its Director of Sales, Rob Teis, and its Northeast Regional Manager, Matt Jones, came to Havtech's office in Columbia, Maryland to meet with Havtech's President, Joe Roetering. At the meeting, Mr. Fields told Mr. Roetering that they had a letter for him, and Mr. Teis handed Mr. Roetering a letter that said, among other things: "AAON has decided to change our representation in Maryland, Northern Virginia & the District of Columbia. This letter serves as your notice that AAON is cancelling Havtech as an AAON representative.... The relationship between AAON and Havtech will cease on February 13th, 2022" (the "Termination Letter").

19. When Mr. Roetering expressed surprise because Havtech had been performing so well, Mr. Fields specifically said that it was not about performance and that Havtech had not done anything wrong. Mr. Fields then said that AAON was terminating because he was concerned that an HVAC equipment manufacturer known as Daikin would acquire Havtech at some point in the future, that the acquired Havtech entity would then stop selling AAON products, and that AAON would then be left without an established sales representative in the Maryland, DC, and Northern Virginia markets. Therefore, he had decided to replace Havtech with another sales representative.

20. Havtech's owners are not planning to sell the company to Daikin or anyone else and Mr. Roetering told Mr. Fields so. When Mr. Fields said that he believed that Daikin would make an offer so lucrative that Havtech's owners would be compelled to sell, Mr. Roetering again assured Mr. Fields that no such acquisition was underway and that Havtech's owners do not intend sell their business to Daikin. Nevertheless, Mr. Fields said that AAON's decision was final and that there was nothing Havtech could say or do to change it.

## Count I
### Claim for Damages Under Maryland's Equipment Dealer Contract Act

Havtech incorporates Paragraphs 1 through 19 above as if fully set forth herein, and further alleges that:

21. The Maryland Equipment Dealer Contract Act, Md. Code, Commercial Law Article, §§19-101, *et seq.* ("MEDCA" and/or the "Act") was enacted to protect Maryland-based equipment dealers from certain actions by their suppliers such as those described herein.

22. Section 19-103(a) of the Act says that "[a] supplier may not … terminate … a contract without good cause." *Md. Code Ann., Comm. Law* §19-103(a).

23. The Act defines "supplier" as "[a] wholesaler, manufacturer, or distributor who enters into a contract with a dealer," *Md. Code Ann., Comm. Law* §19-101(l). Dealer is defined as including "a person engaged in the business of selling, on commission or at retail, commercial heating, ventilation, and air-conditioning equipment or repair parts." *Md. Code Ann., Comm. Law* §19-101(e). "Contract" is defined as "a written or oral contract or agreement between a dealer and a wholesaler, manufacturer, or distributor by which: (1) [t]he dealer is granted the right to sell or distribute goods or services; or (2) [t]he dealer is granted the right to use a trade name, trademark, service mark, logo type, or advertising or other commercial symbol" *Md. Code Ann., Comm. Law* §19-101(b).

23. AAON manufactures commercial heating, ventilation, and air-conditioning equipment and repair parts. Havtech sells commercial heating, ventilation, and air-conditioning equipment and repair parts. Havtech and AAON are parties to an agreement that gives Havtech the right to sell and distribute AAON's equipment and parts (the "Dealer Agreement"). Therefore, AAON could not lawfully terminate the Dealer Agreement without good cause.

6

24. MEDCA defines good cause as "failure by a dealer to comply with requirements imposed on the dealer by a contract ...." *See Md. Code Ann., Comm. Law* §19-101(g).

25. In addition, Section 19-102 of the Act lists the following as being good cause: the filing of a petition against the dealer to commence: a receivership proceeding; a bankruptcy proceeding; the dealer has made an intentional misrepresentation with the intent to defraud the supplier; the dealer defaults under a chattel mortgage or other security agreement between the dealer and the supplier or the dealer revokes or discontinues a guarantee of a present or future obligation of the dealer to the supplier; the closeout or sale of a substantial part of the business of a dealer related to the handling of the products of the supplier; the commencement of procedures to dissolve or liquidate the dealer if the dealer is a partnership or corporation; a change, without the prior written approval of the supplier, that shall not be unreasonably withheld, in the location of the principal place of business of the dealer or additional locations set forth in the agreement; the withdrawal of an individual proprietor, partner, major shareholder, or manager of the dealership, or a substantial reduction in interest of a partner or major shareholder, without the prior written consent of the supplier; the revocation or discontinuance of any guarantee of the present or future obligations of the dealer to the supplier; the dealer fails to operate in the normal course of business for 7 consecutive business days or otherwise abandons the business; the guilty plea or conviction of a felony of a dealer affecting the relationship between the dealer and supplier; or the dealer transfers an interest in the dealership or a person with a substantial interest in the ownership or control of the dealership, including an individual proprietor, partner, or major shareholder, withdraws from the dealership or dies, or a substantial reduction occurs in the interest of a partner or major shareholder in the dealership. *Md. Code Ann., Com. Law* §19-102.

26. Havtech has not failed to abide by any of the requirements of the contract. Nor have any of the things listed in Section 19-102 of the Act occurred. Therefore, AAON violated MEDCA when it terminated the Dealer Agreement without good cause.

27. Section 19-303 of the Act says that "a person who suffers monetary loss due to a violation of this title ... may bring a civil action ... to recover damages and the costs of the action, including reasonable attorneys' fees." *Md. Code Ann., Comm. Law* §19-303.

28. Havtech has suffered substantial monetary losses due to AAON's MEDCA violations. For example, at AAON's direction, Havtech invested millions of dollars to expand its retail facilities. Without the AAON product line, a substantial portion of that investment will be wasted. In addition, it will take many years before Havtech is fully able to replace the AAON product line. The resulting monetary loss to Havtech will be more than $48,575,500.

WHEREFORE, Havtech, LLC and Havtech Parts Division, LLC respectfully request that this Court enter judgment in favor of Havtech, LLC and Havtech Parts Division, LLC against AAON Inc., AAON Coil Products, Inc., and AAON Inc.' in an amount that exceeds $75,000, plus pre-judgment interest, post-judgment interest, and costs, together with such other and further relief as this Court may deem appropriate.

### Claim for Attorneys' Fees

Havtech incorporates the allegations set forth in Paragraphs 1 through 28 above and further alleges:

29. The Act specifically provides for the recovery of attorneys' fees. *See Md. Code Ann., Comm. Law* §19-303.

WHEREFORE, Havtech, LLC and Havtech Parts Division, LLC respectfully request that this Court award Havtech, LLC and Havtech Parts Division, LLC their attorneys' fees as part of

any judgment against AAON Inc., AAON Coil Products, Inc., and AAON Inc.' in the amount determined in accordance with Rule 2-703.

January 24, 2022                              Respectfully submitted,

/s/ Mark S. Dachille

Mark S. Dachille, AIS #8501010134
Nicole L. Campbell, AIS #9812150101
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 20144
(410) 720-0072
(410) 720-0329 (fax)
dachille@constructionlaw.com
campbell@constructionlaw.com
Attorneys for Plaintiffs
Havtech, LLC and Havtech Parts Division, LLC