IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **HAVTECH, LLC,** *et. al.*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-22-00453 |
| **AAON INC.,** *et. al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs Havtech, LLC and Havtech Parts Division, LLC (collectively, "Havtech") filed this action against AAON, Inc. and AAON Coil Products, Inc. (collectively, "AAON") for an alleged violation of the Maryland Equipment Dealer Contract Act ("MEDCA") arising from AAON's termination of their sales contract. ECF 3. On April 25, 2022, this Court entered a Memorandum Opinion and Order dismissing Havtech's claim without prejudice. ECF 29, 30. Havtech has now filed two motions that are pending and ripe for disposition: a motion for leave to file an amended complaint, ECF 31, and a motion to certify a question to the Maryland Court of Appeals, ECF 34. The motions have been fully briefed; ECF 31-1, 32, 34-1, 36, 39, 40; and no hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Havtech's motion for leave to amend will be granted in part and denied in part; Havtech's motion to certify a question will be denied.

I. **BACKGROUND**

This Court summarized the substantive factual background of this case in its Memorandum Opinion dated April 25, 2022 ("Opinion"), and incorporates that factual summary by reference herein. ECF 29 at 1-3. As relevant here, Havtech alleges that it sells heating, ventilation, and air conditioning ("HVAC") equipment and repair parts in the construction industry, and distributed AAON's HVAC equipment in Maryland, the District of Columbia, and Northern Virginia as an appointed sales representative for over twenty years. *Id.* at 2. At some point, AAON issued a written manual, the AAON Policy Manual for Sales Representatives ("Policy Agreement"), which defined the terms of its agreements with its sales representatives, including Havtech. *Id.* The Policy Agreement contained a choice-of-law clause in favor of Oklahoma law, and provided that either party may terminate the agreement with or without cause upon 30-days written notice. *Id.* On January 14, 2022, AAON provided written notice that it intended to cancel Havtech as an AAON representative, effective February, 2022. *Id.*

On January 24, 2022, Havtech filed a complaint against AAON in the Circuit Court for Howard County, Maryland, asserting a single claim for damages under MEDCA, a Maryland statute that prohibits suppliers from terminating contracts with sellers of commercial HVAC equipment without good cause. Md. Code Ann., Com. Law §§ 19-101, *et seq.* AAON removed the action to this Court on February 23, 2022, ECF 1, and subsequently moved to dismiss, ECF 17. Havtech opposed AAON's motion, and this Court granted the motion without prejudice on April 25, 2022. ECF 29, 30.

In its Opinion, this Court utilized Maryland conflict-of-law principles, which are binding upon this Court in diversity, to conclude that the Policy Agreement was governed by Oklahoma substantive law and was therefore not subject to MEDCA. ECF 29 at 7 (citing *Klaxon Co. v.*

*Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  In reaching its determination, this Court considered and rejected two arguments raised by Havtech which are relevant to the instant motions. First, this Court dismissed Havtech's assertion that Maryland's "fundamental policy" exception justified setting aside the choice-of-law clause in the Policy Agreement.  *See id.* (explaining that Maryland courts will invalidate a choice-of-law clause where its application would: (1) conflict with a fundamental policy of a state that (2) has a materially greater interest in the determination of the issue, if (3) that state's laws would govern in the absence of an effective choice-of-law clause (citing *Jackson v. Pasadena Receivables*, Inc., 398 Md. 611, 617, 921 A.2d 799, 803 (2007))).  This Court found the exception inapplicable because, "[a]t minimum, Havtech has failed to establish . . . that Maryland has a materially greater interest than Oklahoma in the resolution of the instant dispute." *Id.* at 7-8.  Second, this Court rejected Havtech's assertion that its MEDCA claim would survive if this Court employed "statutory choice-of-law principles" enumerated in the Restatement (Second) Conflict of Laws § 6(1) (1971) (hereinafter referred to as "§ 6(1)"). Regardless of whether applying § 6(1) would actually accrue to Havtech's benefit, this Court found it inappropriate to use an analytical framework that had not been recognized among Maryland's conflict-of-law rules.  *Id.* at 9 ("This Court is bound to apply Maryland choice-of-law principles, and accordingly declines Havtech's invitation to engage in an analysis that is concededly novel to Maryland courts.").  Having determined that MEDCA did not govern the Policy Agreement or AAON's termination thereof, this Court granted AAON's motion to dismiss without prejudice, and stipulated that dismissal would convert to dismissal with prejudice unless a motion seeking leave to amend was filed within fourteen (14) days.  ECF 30.

Havtech now seeks leave to file a proposed amended complaint ("PAC"), which would reassert its claim for damages under MEDCA, add a claim for attorneys' fees pursuant to MEDCA,

3

and assert new claims for damages and attorneys' fees under the Oklahoma Equipment Dealer Act ("OEDA"). *See* ECF 31, 31-3. Separately, Havtech also moves this Court to certify the following question to the Maryland Court of Appeals: "Whether the Maryland courts would adopt [ ] § 6(1) and the statutory choice-of-law principles as outlined therein." ECF 34-1 at 2. This Court will address both motions in turn.

## II.  MOTION FOR LEAVE TO AMEND

### A. Legal Standard

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

### B. Analysis

AAON argues that Havtech's motion for leave to amend should be denied because all three of the triumvirate of prejudice, bad faith, and futility—any one of which would be sufficient to deny leave—are present in this case. This Court will address each factor in turn.

"Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading."

4

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2004 & 2015 Supp.) ("Wright & Miller"), § 1487 at 701 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)); *United States v. Hougham*, 364 U.S. 310 (1960). The burden of showing prejudice falls on "[t]he party opposing amendment." *Atl. Bulk Carrier Corp. v. Milan Exp. Co.*, No. 3:10CV103, 2010 WL 2929612, at *4 (E.D. Va. July 23, 2010). As the Fourth Circuit explained in *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . .". 650 F.3d 423, 439 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427) (alterations in *Newport News Holdings Corp.*). Prejudice can be found "where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted). In contrast, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Thus, the court must examine the facts of each case "to determine if the threat of prejudice is sufficient to justify denying leave to amend." Wright & Miller, § 1487 at 701.

AAON fails to establish that it will be prejudiced if Havtech is permitted to amend its pleading. Prejudice is unlikely in part because Havtech seeks leave to file its PAC during the initial phases of litigation. This action has not progressed beyond the motion to dismiss stage, nor has any party initiated discovery. *See Newport News Holdings Corp.*, 650 F.3d at 439. Prejudice is also absent because Havtech's PAC is premised largely on facts already pled; indeed, it merely

asserts an additional (or alternative) theory of recovery under OEDA, which it contends is the Oklahoma-law counterpart to MEDCA.  *See Laber*, 438 F.3d at 427.  AAON disputes this conclusion, arguing that "the similarities between MEDCA and OEDA do not change the fact that its new claims under OEDA are novel claims brought under an entirely separate statutory scheme and are largely unsupported by the facts that have been alleged by Havtech throughout this litigation."  ECF 32 at 21.  An amendment is not prejudicial, however, merely because it adds a cause of action that is not wholly duplicative of, or identical to, an earlier claim.  Indeed, such a rule would eviscerate the Fourth Circuit's policy of liberally permitting amendment.  *See Galustian*, 591 F.3d at 729.  Because AAON "was from the outset made fully aware of the events giving rise to the action," the PAC will not prejudice the preparation of AAON's case, particularly at this early stage in proceedings.  *Davis*, 615 F.2d at 613.

AAON also argues that Havtech's motion for leave to amend should be denied because its PAC is tendered in bad faith.  Pleading practices marked by excessive gamesmanship may evidence bad faith and warrant denial of leave to amend.  *See Bioiberica Nebraska, Inc. v. Nutramax Mfg., Inc.*, No. 1:18-CV-03133-SAG, 2021 WL 242494, at *2 (D. Md. Jan. 25, 2021) ("[A] plaintiff who treats his complaint like the game of Battleship, moving the target across the board every time it suffers a fatal blow, acts in bad faith, and should not be entitled to leave to amend."); *Daulatzai v. Maryland*, Civ. No. JKB-21-0590, 2022 WL 2078284, at *9 (D. Md. June 9, 2022).  Such gamesmanship may be present where a plaintiff adopts contradictory factual positions "to match their evolving legal theories," *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 126 (4th Cir. 2013) (Wilkinson, J., dissenting), or fails to introduce crucial facts at the earliest possible stage of litigation, *Horton v. Vinson*, No. 1:14CV192, 2015 WL 4774276, at *29 (N.D.W. Va. Aug. 12, 2015).  An amendment may also be offered in bad faith if it patently fails to advance

6

a colorable legal argument, or is plagued by the same incurable pleading defects that warranted dismissal of its prior iterations. *McCall-Scovens v. Blanchard*, Civ. No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016); *Daulatzai*, 2022 WL 2078284, at *7.

This Court cannot conclude on the present record that Havtech's proposed amendment is offered in bad faith. The PAC does not advance facts that contradict its earlier allegations, nor does it belatedly introduce material facts on which it now intends to rely. Insofar as there are factual inconsistencies between the Complaint and the PAC, they largely concern the PAC's revised descriptions of Havtech's business activities, perhaps in an attempt to characterize Havtech as the type of entity to which OEDA extends. *See* ECF 31-6 ¶¶ 5, 13, 15, 51 ("Havtech is a dealer [under OEDA] since it is primarily engaged in the business of selling equipment for use by the construction industry."). This apparent wordsmithing does not itself rise to the level of bad faith. Instead, the most troubling aspect of Havtech's PAC is its attempt to reallege claims under a Maryland statute that this Court already determined was inapplicable to the parties' Policy Agreement. *See McCall-Scovens*, 2016 WL 6277668, at *8 ("A good faith amendment must advance a colorable legal argument."). For its part, AAON argues that the PAC's resuscitated MEDCA claims evidence a bad faith attempt to advance a motion for reconsideration under the guise of a motion for leave to amend. However, it is unnecessary to decide whether Havtech's resurrected MEDCA claims are advanced in bad faith in light of this Court's conclusion, as discussed further below, that they are plainly futile.

A proposed amendment is futile when it is "is clearly insufficient and frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020). Such insufficiency may be shown where a proposed amendment contains mere "[t]hreadbare recitals of the elements of a cause of action," which fail to state a plausible claim for relief. *Kolb v. ACRA Control, Ltd.*, 21 F.

Supp. 3d 515, 522 (D. Md. 2014); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Even so, "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion." *Funari v. Dep't of Pub. Safety & Corr. Servs.*, Civ. No. SAG-20-3474, 2022 WL 2343251, at *2 n.1 (D. Md. June 29, 2022). Rather, a finding of futility based on susceptibility to dismissal under Rule 12(b)(6) must identify deficiencies that are "obvious on the face of the proposed amendment," such as claims based on frivolous legal theories or marked by patent factual flaws. *Johnson*, 785 F.2d at 510; *see also, e.g.*, *Harris v. Salley*, 339 F. App'x 281, 283 (4th Cir. 2009) (affirming denial of leave to amend to add equal protection claims seeking to require "that several putative defendants cooperate to ensure [a] criminal prosecution"); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (affirming denial of leave where amended claims would be clearly subject to "liability waivers [that] preclude recovery"). By contrast, futility cannot be established where"[t]he complexity of the arguments advanced by counsel on both sides indicates the issue . . . is not obviously frivolous." *Johnson*, 785 F.2d at 511.

With regards to the MEDCA claims in Counts I-II, Havtech's proposed amendment is futile. It is abundantly clear that the PAC's new details regarding Havtech's ties to Maryland do not establish that Maryland has a materially greater interest in the dispute than Oklahoma, as would be required to state a claim under MEDCA.[1] To the contrary, the PAC either emphasizes facts of which this Court was already aware—for instance, that Havtech maintains its principal place of

---

[1] Havtech also argues that Counts I-II are not futile because the PAC asserts facts demonstrating that MEDCA is a fundamental public policy of Maryland, ECF 31-1 at 7-8. Not so. The PAC instead alleges that MEDCA is not limited to dealers operating exclusively in Maryland, and that it applies "[n]otwithstanding an agreement to the contrary." ECF 31-3 ¶¶ 29, 31, 44. Both of these facts were known to this Court before it issued its Opinion. *See* ECF 17. Moreover, Havtech provides no authority to substantiate its position that these features of MEDCA establish it as a fundamental policy of the State.

business and employs persons in Maryland—or which are largely immaterial—namely, that Havtech has more customers in Maryland than in Virginia or the District of Columbia. ECF 31-3 ¶¶ 64-72. Additional details that corroborate this Court's understanding of Havtech's ties to Maryland, and which are provided without contrast to AAON's ties to Oklahoma, do not undermine this Court's determination that Maryland's interest is not materially greater than Oklahoma's. Because this Court has already held that MEDCA does not apply to the Policy Agreement, and because the PAC does not allege facts that could even potentially alter that conclusion, the claims in Counts I-II of the PAC are futile.[2]

In contrast, Havtech's OEDA claims in Counts III-IV are not so facially insufficient as to be futile. Although AAON disputes this conclusion, the complexity of its substantive arguments undermines its own position. By AAON's account, the resolution of Havtech's OEDA claims will require this Court to wade through complex disputes regarding venue, potential waiver of venue defenses, statutory interpretation, and contract interpretation. *See* ECF 32 at 14-19 (arguing that Havtech's OEDA claims are futile because: (1) AAON's removal of this action did not waive its argument that venue is improper in Maryland; (2) OEDA only contemplates suit in Oklahoma; (3) the Policy Agreement's specification that it shall be "governed and construed . . . in accordance with the laws of the state of Oklahoma," limits the parties' choice of forum; and (4) Havtech is not a "dealer" as defined under OEDA.). Irrespective of whether they ultimately survive a motion to

---

[2] AAON also contends—and Havtech vigorously disputes—that the law-of-the-case doctrine bars Havtech's attempt to reassert its MEDCA claims. *Compare* ECF 32 at 6, *with* ECF 36 at 3; *see also Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citations omitted). It is unnecessary to resolve the parties' disagreement on this issue because, even assuming that the law-of-the-case doctrine does not apply, this Court finds Havtech's MEDCA claims to be futile based wholly on the allegations in the PAC, albeit for much the same reasons as this Court previously explained. *See* ECF 29 at 7-8.

dismiss, Havtech's OEDA claims require a level of analysis that preclude a finding of futility. *See Daulatzai v. Maryland*, 338 F.R.D. 587, 589 (D. Md. 2021) ("A complaint that requires a reticulated analysis of multiple complex statutes to potentially reveal its failure to state viable claims is not 'clearly insufficient and frivolous on its face.'" (quoting *Miller*, 813 F. App'x at 880)). This Court expresses no view on whether AAON's challenges to the legal adequacy of Counts III-IV may ultimately prevail, but merely concludes that AAON's arguments are more appropriately resolved after Havtech's claims have been filed and subjected to fully-briefed dispositive motions.

Accordingly, Havtech's motion for leave to file an amended complaint, ECF 31, will be granted insofar as it seeks to assert claims under OEDA, and will be denied as to its attempt to reassert its claims under MEDCA.

### III. MOTION TO CERTIFY

#### A. Legal Standard

This court may certify to the Maryland Court of Appeals a question of law: (1) "if the answer may be determinative of an issue" in a case before the Court, and (2) "there is no controlling appellate decision, constitutional provision, or statute of [Maryland]." Md. Code Ann., Cts. & Jud. Proc. § 12-603; *see also United Bank v. Buckingham*, 449 F. Supp. 3d 521, 528 (D. Md. 2020). "While . . . the Maryland Court of Appeals encourages certification, the statute plainly does not require a court to certify unanswered questions of law under any circumstances." *Doe v. Chesapeake Med. Sols., LLC*, Civ No. SAG-19-2670, 2020 WL 917061, at *4 (D. Md. Feb. 26, 2020) (internal citations omitted). Indeed, "it is well established that the decision to certify a question to the Court of Appeals of Maryland is not obligatory and 'rests in the sound discretion of the federal court.'" *Bel Air Auto Auction, Inc. v. Great N. Ins. Co.*, 534 F. Supp. 3d 492, 502

(D. Md. 2021), *aff'd*, No. 21-1493, 2022 WL 2128586 (4th Cir. June 14, 2022) (quoting *Marshall v. James B. Nutter & Co.*, No. CIV.A. RDB-10-3596, 2013 WL 3353475, at *7 (D. Md. July 2, 2013), *aff'd*, 758 F.3d 537 (4th Cir. 2014)).

In exercising its discretion, a federal court should decline to certify a question if it is satisfied that it can reach a reasoned and principled conclusion based on guidance from available state law. *Id.* (quoting *Hafford v. Equity One, Inc.*, No. AW-07-1633, 2008 WL 906015, at *4 (D. Md. Mar. 31, 2008); *see also Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) ("Only if the available state law is clearly insufficient should the court certify the issue to the state court" (citing *Smith v. FCX, Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984)))). "Moreover, where '[t]he plaintiff sought and received a federal court's interpretation of state law,' a request for certification of that question or similar questions to the state court 'comes with little grace.'" *Marshall*, 2013 WL 3353475, at *7 (quoting *Smith*, 744 F.2d at 1379).

B. Analysis

Havtech now moves to certify the following question of law to the Court of Appeals of Maryland: "Whether the Maryland courts would adopt [ ] § 6(1) and the statutory choice-of-law principles as outlined therein." ECF 34-1 at 2. In support of its motion, Havtech argues that its proposed query satisfies the requirements for certification—namely, that it is determinative of an issue in this action, and an unsettled question of law—and that additional compelling reasons support certification in this instance. Havtech's arguments on each of these points fail, and this Court will address them each in turn.

As a preliminary matter, this Court notes that it already provided an answer to Havtech's proposed question. *See* ECF 29 at 9. Accordingly, in seeking to present its question to the Court of Appeals of Maryland, Havtech is "essentially requesting that this Court ask the Maryland Court

11

to affirm or displace its ruling." *Marshall*, 2013 WL 3353475, at *7. In similar instances, where a party seeks state court guidance only after receiving an adverse ruling on the issue in federal court, such requests have been included within motions for reconsideration and analyzed against the demanding standards enumerated for those motions. *See, e.g.*, *Doe*, 2020 WL 917061, at *1; *In re Marriott Int'l, Inc.*, Civ. No. 19-MD-2879, 2021 WL 1516028, at *3 (D. Md. Apr. 16, 2021). Even when not styled as a motion for reconsideration, however, courts look unfavorably upon attempts "to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort." *Cantwell v. Univ. of Massachusetts*, 551 F.2d 879, 880 (1st Cir. 1977); *see also Smith*, 744 F.2d at 1379 (citing *Cantwell*, 551 F.2d at 880). Particularly when afforded the "little grace" it deserves in this procedural posture, Havtech's proposed question does not meet the requisite criteria for certification. *Marshall*, 2013 WL 3353475, at *7 (quoting *Smith*, 744 F.2d at 1379).

Turning first to whether the state court's answer would be issue-determinative, Havtech asserts that "if this Court were informed by the Maryland Court of Appeals to apply [§ 6(1)], Maryland law would no doubt apply and Havtech's claims would survive a motion to dismiss." ECF 34-1 at 6. Notwithstanding Havtech's assertions to the contrary, this Court harbors significant doubts. Even if the Maryland Court of Appeals adopted § 6(1), it would not then "inform" this Court to apply § 6(1) to this particular dispute—it would merely clarify that § 6(1) exists among the pantheon of Maryland's conflict-of-law rules. Put differently, the answer to Havtech's proposed question would only be relevant—much less determinative—if § 6(1) provides the appropriate framework to resolve the parties' dispute; a dubious prospect given that Maryland courts prioritize effective choice-of-law clauses over traditional conflict-of-law rules. *See Jackson*, 398 Md. at 617 ("this Court has long recognized the ability of contracting parties to

12

specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract, *and thereby trump the conflict of law rules that otherwise would be applied by the court*.") (emphasis added).  Moreover, even assuming that the state's high court decided to recognize § 6(1), and this Court desired to apply § 6(1) to the instant dispute, § 6(1) still may not supply an answer.  By its terms, § 6(1) is only applicable insofar as the "legislature['s] . . . intentions can be ascertained and can constitutionally be given effect," conditions which are by no means clear in this case.  *See* § 6(1) cmt. b.  In short, this Court does not share Havtech's confidence that its proposed question would be determinative of whether Havtech stated a claim under MEDCA, an issue that this Court already resolved.

Looking to the second requisite factor, this Court is skeptical that Havtech seeks to pose a question that is actually unresolved.  Indeed, in its initial briefing in opposition to AAON's motion to dismiss, Havtech itself supplied an answer: § (6)(1) has not been used by Maryland courts.  *See* ECF 17 at 19 (conceding that Havtech is unaware of any Maryland cases that have applied § 6(1)).  In its briefing in support of this motion, Havtech offers yet another clue: despite recognizing other subsections of the Restatement (Second) Conflicts of Laws § 6, Maryland courts have apparently neglected § 6(1).  ECF 34-1 at 8 ("Despite the novelty of this particular application, the Maryland Court of Appeals has applied other sections of the Restatement (Second) Conflicts of Laws § 6 in other circumstances . . .").  Against this backdrop, Havtech's insistence that the question is unsettled because Maryland courts have not expressly disavowed § 6(1) is unavailing.  *See* ECF 34-1 at 8-9 ("the absence of any precedent [addressing § 6(1)] demonstrates that Maryland law is unsettled.").  Maryland courts did not reference § 6(1) in the half century since the Restatement (Second) Conflicts of Laws was published, despite utilizing other subsections within § 6; in this instance, Maryland courts' silence is an answer in itself.  In short, it is not that the answer to

Havtech's question cannot be gleaned from available state law guidance, but rather that Havtech simply dislikes the answer it found.

Finally, even were this Court convinced that Havtech satisfied the two-pronged test required to certify its question, this Court doubts that it would exercise its discretion to do so. The beneficial purposes of certification—namely conserving judicial resources and promoting judicial federalism—would not be furthered in this instance. To the contrary, at this juncture, certifying Havtech's question would duplicate judicial efforts and invite the Maryland Court of Appeals to disturb an earlier ruling entered by this Court. As described above, this Court rendered its interpretation of state law after careful consideration of available relevant guidance, and Havtech has offered no new facts, evidence, or authority casting doubt on that determination. Havtech's apparent dissatisfaction with this Court's decision does not justify its proposed expedition to the Maryland Court of Appeals in search of an answer that it prefers.

## IV.   CONCLUSION

For the reasons set forth above, Havtech's motion for leave to file an amended complaint, ECF 31, will be GRANTED IN PART and DENIED IN PART. Havtech's motion to certify a question to the Maryland Court of Appeals, ECF 34, will be DENIED. A separate Order follows.

Dated: July 28, 2022                                          /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge